```
                                    FILED _____        _____ RECEIVED
                                    ENTERED_____        _____ SERVED ON
                                              COUNSEL/PARTIES OF RECORD

                                         AUG 3 0 2011

                                       CLERK US DISTRICT COURT
                                        DISTRICT OF NEVADA
                                  BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

ROBERT MCGUIRE,                    )        3:10-cv-00488-HDM (RAM)
                                   )
            Plaintiff,             )
                                   )
     vs.                           )        **ORDER**
                                   )
THE STATE OF NEVADA, et. al.       )
                                   )
            Defendants.            )
_____)

Before the court is Plaintiff's Motion for a Court Appointed Expert. (Doc. # 37.)[1] Defendants opposed (Doc. # 38) and Plaintiff replied (Doc. # 39).

## I. BACKGROUND

At all relevant times, Plaintiff Robert McGuire(Plaintiff) was in custody of the Nevada Department of Corrections (NDOC). The events that form the basis of Plaintiff's complaint took place while he was housed at Ely State Prison (ESP). (Pl.'s Compl. (Doc. # 10).) He is currently housed at High Desert State Prison (HDSP). (*See* Doc. # 24.) Plaintiff, a *pro se* litigant, brings this action pursuant to 42 U.S.C. § 1983. (Doc. # 10.) Defendants are Tom Stubbs and David Drummond.[2] On screening, the court determined that Plaintiff could proceed with his Eighth Amendment excessive force claim against Defendants. (*See* Doc. 9.)

Plaintiff moves the court to appoint a medical expert witness pursuant to Rule 706(a) of the Federal Rules of Evidence (FRE). (Doc. # 37.) He asserts a court appointed medical

---

[1]    Refers to court's docket number.

[2]    Plaintiff named Michael Lee as a defendant, but there is no record that he was ever served with the summons and complaint.

1  expert is warranted because he does not understand his extensive medical records, and a
2  medical expert will be able to explain his injuries and treatment to the jury. (*Id.*) For the
3  reasons set forth below, Plaintiff's motion is denied.

4  ## II. DISCUSSION

5     FRE 706 allows the district court to appoint a neutral expert on its own motion, or on
6  the motion of any party. Fed.R.Evid. 706. The determination to appoint an expert rests solely
7  in the court's discretion and is to be informed by such factors as the complexity of the matters
8  to be determined and the court's need for a neutral, expert review. *See Ledford v. Sullivan*,
9  105 F.3d 354, 358-59 (7th Cir. 1997). The appointed expert is entitled to reasonable
10 compensation, and in a civil case the compensation is "paid by the parties in such proportion
11 and at such time as the court directs[.]" Fed.R.Evid. 706(b). However, where, as here, one of
12 the parties is indigent, the court may apportion all the cost to one side. *McKinney v. Anderson*,
13 924 F.2d 1500, 1510-11 (9th Cir. 1991), *vacated and remanded on other grounds*, 502 U.S. 903
14 (1991) (reasoning that allowing court-appointed experts only when both sides are able to pay
15 their respective shares would hinder a district court from appointing an expert witness, "even
16 when the expert would significantly help the court").

17    Plaintiff argues that a medical expert is necessary to decipher and help him understand
18 his complex medical records, to explain his injuries and treatment to the jury, to clarify planned
19 evidence and exhibits, and to show there were no preexisting conditions. (Doc. # 37 at 2.) The
20 court disagrees. Appointment of an expert may be appropriate when the expert will assist the
21 trier of fact to understand the evidence or decide a fact in issue. *See Ledford*, 105 F.3d at 358-
22 59. At present, this does not appear to be a complex case requiring an expert's assistance. The
23 Eighth Amendment prohibits the imposition of cruel and unusual punishment. *See Estelle v.*
24 *Gamble*, 429 U.S. 97, 102 (1976). "[W]henever prison officials stand accused of using excessive
25 physical force in violation of the [Eighth Amendment], the core judicial inquiry is...whether
26 force was applied in a good-faith effort to maintain or restore discipline, or maliciously and
27 sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (citations omitted);

28

1   see also *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986); *Watts v. McKinney*, 394 F.3d 710, 711

2   (9th Cir. 2005). In determining whether force is excessive, the court looks at the extent of

3   injury, "the need for application of force, the relationship between that need and the amount

4   of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made

5   to temper the severity of a forceful response.'" *Hudson*, 503 U.S. at 7 (quoting *Whitley*, 475 U.S.

6   at 321). There is no need to show a serious injury as a result of the force, but the lack of such

7   injury is relevant to the inquiry. *See Hudson*, 503 U.S. at 7-9. The tier-of-fact does not need

8   a medical expert to determine whether the alleged force imposed on Plaintiff is excessive. In

9   other words, it is not apparent that a jury would have to consider complex questions concerning

10  Plaintiff's medical diagnosis. Instead, it appears that the trier-of-fact will be able to evaluate

11  the alleged use of force without the aid of a medical expert. Plaintiff is not requesting an expert

12  because one is needed to assist the court or fact finder. Rather, Plaintiff requests an expert to

13  assist himself. This falls outside the  the scope of appointment of an expert under FRE 706.

14         Moreover, Plaintiff is not entitled to the appointment of an expert at Defendants' expense

15  simply because he has been granted *in forma pauperis* status. The granting of *in forma*

16  *pauperis* status only adjusts the amount of the filing fee a plaintiff must prepay. *See Dixon v.*

17  *Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (affirming magistrate's finding that the *in forma*

18  *pauperis* statute does not waive payment of fees or expenses for witnesses). The court declines

19  to exercise its discretion under FRE 706(b) to appoint an expert witness and apportion related

20  costs to Defendant. The appointment of such an expert is to assist the trier of fact, not to select

21  an advocate for the plaintiff. *Students of California School for the Blind v. Honig*, 736 F.2d

22  538, 549 (9th Cir. 1984), *vacated on other grounds*, 471 U.S. 148 (1985).

23

24

25

26

27

28

3

1

## III.  CONCLUSION

2      **IT IS HEREBY ORDERED** that Plaintiff's Motion for a Court Appointed Expert

3 (Doc. # 37) is **DENIED**.

4      DATED:   August 29, 2011

5

6      _____

7      UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4