|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| ROBERT McGUIRE, | ) | 3:10-cv-00488-HDM-WGC |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) | **ORDER** |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| TOM STUBBS, *et al.,* | ) |  |
|  | ) |  |
| Defendants. | ) |  |

Before the court are: (1) Plaintiff's motion requesting court ordered service of process on Michael Lee (Doc. # 65); and (2) the parties' stipulation and proposed order to extend the deadline for filing discovery motions (Doc. # 72).

**(1) Motion to extend the discovery motion deadline (Doc. # 72)**

The Scheduling Order originally set the discovery deadline at October 18, 2011, and the discovery motion deadline at November 2, 2011. (*See* Doc. # 35.) Any motion filed beyond the time line set forth in the Scheduling Order is to be stricken absent an order from the court on a showing of good cause. (*Id.*) Moreover, a motion to amend the Scheduling Order should have been served on or before September 18, 2011. (*Id.*)

Plaintiff previously filed a motion to extend the discovery deadline (Doc. # 46), which the court granted, extending the discovery deadline to November 28, 2011. (Doc. # 21.) It appears, likely a result of an oversight, that Plaintiff should have requested a corresponding extension of the discovery deadline at that time. While the stipulation and proposed order to extend the discovery motion deadline is now untimely under Scheduling Order, the court

1 finds good cause to extend the discovery motion deadline to correspond with the new
2 discovery deadline. Accordingly, the court grants the stipulation of the parties, and hereby
3 orders the discovery deadline is extended fifteen (15) days after the discovery deadline. **Any**
4 **discovery motion must be filed and served on or before DECEMBER 13, 2011**.
5 **(2) Motion to serve Michael Lee (Doc. # 65)**

6       Plaintiff originally filed this action on June 21, 2010, in the Seventh Judicial District
7 Court of the State of Nevada, in and for the County of White Pine, State of Nevada, against
8 Defendants Tom Stubbs, David Drummond, and Michael Lee. (Doc. # 1-3.) Defendants
9 Stubbs and Drummond were served on July 7, 2010. (Doc. # 1-4.) They removed the case to
10 federal court on August 6, 2010. (Doc. # 1.) On November 30, 2010, the court issued a
11 screening order allowing Plaintiff to proceed on his Eighth Amendment excessive force claim
12 against Defendants, and ordered the Complaint filed. (Doc. # 9, Pl.'s Compl. (Doc. # 10).)

13       On April 8, 2011, the court issued an order notifying Plaintiff of his failure to serve
14 Michael Lee within 120 days of filing the complaint pursuant to Federal Rule of Civil
15 Procedure 4(m). (Doc. # 16.) The order warned Plaintiff if he failed to file a proof of service,
16 or make a good cause showing why service was not made with respect to Mr. Lee on or before
17 May 8, 2011, the case would be dismissed as to Mr. Lee, without prejudice. (*Id.*)

18       On April 15, 2011, Plaintiff filed a response to the order regarding service on Mr. Lee.
19 (Doc. # 17.) Plaintiff explained that he sent the summons to the White Pine County Sheriff
20 for service on Mr. Lee; however, the sheriff was unable to serve him as he was no longer
21 employed at Ely State Prison, and Plaintiff is not permitted to have his last known address.
22 (*Id.*) Notably, there is nothing in the record to suggest that Plaintiff requested the last known
23 address of Mr. Lee from Defendants at that time. Nor did he request service of the summons
24 and complaint by the United States Marshal at that time. In fact, it appears from the record
25 that Plaintiff took no further action with respect to service of Mr. Lee until he filed the
26 instant motion on October 31, 2011. (Doc. # 65.)
27 / / /
28 / / /

"In cases involving plaintiffs proceeding in forma pauperis, the United States Marshal, upon order of the court, is authorized the serve the summons and the complaint." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995) (citing 28 U.S.C. § 1915(c); *Boudette v. Barnett*, 923 F.2d 754, 757 (9th Cir. 1991)).

> [A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and…should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshall or the court clerk has failed to perform his duties…

*Id.* (citing *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990)) (internal quotation marks omitted). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service 'is automatically good cause within the meaning of Rule 4(j).'" *Id.* (citation omitted).

As indicated above, Federal Rule of Civil Procedure 4(m) provides if a defendant is not served within 120 days after the filing of the complaint, the court, absent of a showing of good cause for failure to serve, shall dismiss the action without prejudice as to the unserved defendant. Fed. R. Civ. P. 4(m).

Here, as in *Walker*, Plaintiff has not demonstrated that he provided the marshal with sufficient information to serve Mr. Lee, or that he requested that Mr. Lee be served. The order regarding Rule 4(m) was issued on April 8, 2011, and Plaintiff had until May 8, 2011, to request his last known address and request an order from the court that service be effectuated on Mr. Lee by the U.S. Marshall. Instead, Plaintiff waited more than five months after the deadline for service, and just short of a year after the Complaint was filed in federal court (Doc. # 10), to seek an order for service on Mr. Lee. (Doc. # 65.)

/ / /
/ / /
/ / /
/ / /
/ / /

Plaintiff provides no explanation for this delay, or his failure to comply with the court's order, and has not made the requisite showing of good cause to justify an extension of the deadline for service on Mr. Lee. Moreover, this is not a case where the delay in effectuating service can be attributed to the clerk or marshal. *See Walker*, 14 F.3d at 1422. Accordingly, Plaintiff's motion (Doc. # 65) is **DENIED**, and **defendant Michael Lee is DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

DATED: November 30, 2011.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE