**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT McGUIRE, | )  3:10-cv-00488 -HDM (WGC) |
| Plaintiff , | ) |
| | )  **MEMORANDUM DECISION** |
| vs. | )  **AND ORDER** |
| TOM STUBBS, *et al.*, | ) |
| Defendants. | ) |

        Before the court is plaintiff's Motion to Compel combined with a Request for Sanctions. (Doc. # 70, Doc. # 71, respectively.)[1] Defendants have opposed (Doc. # 74) and Plaintiff replied (Doc. # 75).

        The court views plaintiff's motion and request for sanctions as discovery motions which are governed by Local Rule 26-7. Under that rule, any discovery motion must "set forth in full the text of the discovery originally sought and the response thereto, if any." L.R. 26-7(a).  Although plaintiff generally describes the discovery originally sought and the defendants' responses, he has not set forth in full the text of the disputed discovery. The failure to attach the specific discovery which is the subject of the dispute complicates the court's ability to evaluate the propriety of plaintiff's motion. For instance, Plaintiff references four requests for production, but then suggests that there may have actually been three. (Doc. # 70 at 2.)  In addition, instead of providing the specific discovery requests to the court, plaintiff identifies twenty "points" which provide the apparent basis of his perceived deficiencies. This is not an acceptable substitute for compliance with Local Rule 26-7. These "points" do not allow the court to determine precisely what deficiencies plaintiff perceives with respect to

---

[1] Refers to the court's docket number.

1    defendants' discovery responses.  (*See, e.g.*, "Points" 2, 3, 5, and 10.)

2         The court is also concerned about plaintiff's certification that plaintiff, as movant, "after

3    personal consultation and sincere effort to do so," attempted to resolve the discovery dispute.  *See*

4    L.R. 26-7(b).  Defendants' response raises a question about whether Plaintiff has complied with the

5    rule requiring consultation on the specific discovery dispute. (Doc. #74 at 6.)  Even assuming plaintiff

6    satisfied Local Rule 26-7(b), it is still almost  impossible for the court to identify the deficiencies

7    plaintiff contends plague defendants' discovery responses.[2] While the court is required to construe *pro*

8    *se* pleadings liberally, "[p]ro se litigants must follow the same rules of procedure that govern other

9    litigants." *King v.  Atiyeh*, 814 F.2d 565, 567 (9th Cir.  1987); *see also Briones v.  Riviera Hotel &*

10   *Casino*, 116 F.3d 379, 381 (9th Cir.  1997) (per curiam).

11        Finally, there comes a point in time when "enough is enough."  Defendants have already

12   responded to multiple sets of interrogatories, requests for admissions and requests for production.

13   (Doc. #74 at 2-4; Krause Affidavit, Exhibit A.) Defendants' counsel has invested in excess of seventy-

14   five (75) hours responding to plaintiff's written discovery.  (Doc. # 74 at 4-5, n. 12, Krause Affidavit

15   at ¶ 7.)

16        This action is not unduly complicated.  Plaintiff's claim is centered on the allegation that

17   Defendants used excessive force against him while he was handcuffed and in leg irons on August 24,

18   2008.  (*See* Doc. # 9 at 3, Doc. # 70 at 1.)  Based on defendants representations, the court concludes

19   that it appears plaintiff has conducted sufficient discovery to prove the elements of his claim and his

20   damages.

21

22

23

24   ///

25

26   _____

       [2] The court notes plaintiff is no stranger to civil litigation in the District of Nevada and should be familiar
     with the requirements of the local rules.  In addition to the instant matter, Mr. McGuire is or has been a plaintiff
27   in multiple other lawsuits: *McGuire v.  McDaniel, et al.*, case number 3:10-cv-00684-HDM-VPC; *McGuire v.*
     *State of Nevada ex rel. Nevada Department of Corrections, et al.*, case number 3:10-cv-00800-LRH-WGC; and
28   *McGuire v. State of Nevada ex rel. Nevada Department of Corrections, et al.*, case number 3:10-cv-00029-HDM-
     WGC.

1        Good cause appearing, plaintiff's Motion to Compel (Doc. #70) and Request for Sanctions

2    (Doc. #71) are **DENIED.**

3    **IT IS SO ORDERED.**

4    DATED:   December 30, 2011

5

6    _____
     WILLIAM G. COBB

7    UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28