UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT McGUIRE, | 3:10-cv-00488-HDM-WGC |
| Plaintiff, | |
| vs. | **MEMORANDUM DECISION AND ORDER** |
| STATE OF NEVADA, in Relation to NEVADA DEPARTMENT OF CORRECTIONS, *et al.*, | |
| Defendants. | |

Before the court is plaintiff's "Motion for Rehearing Motion to Compel" (Doc. # 87). Plaintiff seeks reconsideration of the court's order (Doc. #83) denying plaintiff's motion to compel/motion for sanctions (Doc ## 70, 71). Defendants' Response (Doc. # 93) opposes the relief sought by plaintiff.

The rationale for plaintiff's motion appears to be that he did not have access to the Local Rule (26-7) upon which the court predicated (in part) its denial of plaintiff's motion to compel. In its Memorandum Decision and Order (Doc. # 83), the court denied plaintiff's motion to compel because of his failure to comply with L.R. 26-7(a) which requires a party bringing a discovery motion to "set forth in full the text of the discovery originally sought and the response thereto, if any." (*Id.* at 1.) Instead of attaching the actual discovery responses as the rule requires, plaintiff identified some twenty "points" which were the apparent basis of his perceived deficiencies of defendants' responses. The court stated because plaintiff did not provide the court the questions and responses at issue, the court could not knowledgeably address the subject matter of his motion. (*Id.* at 1, 2.)

The court in its underlying Memorandum Decision and Order (Doc. #83) also questioned

whether plaintiff, before he filed his motion to compel, undertook a "sincere effort" after "personal consultation" – as Rule 26-7(b) requires – before filing his motion. *See*, Doc #74, defendants' response to plaintiff's motion to compel, at pp. 5-6. The failure to do so was another basis for the court rejecting the motion to compel.

Plaintiff's explanation in his motion for rehearing for not complying with the rule was that the Local Rule with which plaintiff was provided by the prison law library, has

"no 26-7 in it. The Washoe District rules McGuire assumes is for state actions only.

McGuire currently has local rule 26 and rule 26-7 is not on it."

(Doc. # 87 at 1-2).

The court is unclear what set of rules plaintiff is referring to but for at least the last 12 years the Local Rules of the United States District Court have contained a Rule designated as 26-7, the contents of which have not changed since the version adopted effective December 1, 2000.[1]

L.R. 26-7 provides as follows:

**LR 26-7. DISCOVERY MOTIONS.**
(a) All motions to compel discovery or for protective order shall set forth in full the text of the discovery originally sought and the response thereto, if any.
(b) Discovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action.
(c) Unless otherwise ordered, all emergency discovery disputes are referred to the magistrate judge assigned to the case. The movant may apply for relief by written motion or, where time does not permit, by a telephone call to the magistrate judge or district judge assigned to the case. Written requests for judicial assistance in resolving an emergency discovery dispute shall be entitled "Emergency Motion" and be accompanied by an affidavit setting forth:
  (1) The nature of the emergency;
  (2) The office addresses and telephone numbers of the movant and all affected parties;
  (3) A statement of when and how the other affected parties were notified of the motion or, if not notified, why it was not practicable to do so.
(d) It shall be within the sole discretion of the Court to determine whether any such matter is, in fact, an emergency.

Although plaintiff's action was commenced before the adoption of the current version of the local rules, as noted above, the 2006 version contained a substantially similar if not identical provision of L.R. 26-7. Litigants proceeding *pro se* are obligated to follow the same rules of procedures that

---

[1] A revised version effective May 1, 2006, contained the same provision, as does the current rules which became effective July 27, 2011.

2

govern other litigants. *King v. Atiyeh*, 814 F. 2d 565, 567 (9th Cir. 1987), *citing United States v. Merril*, 746 F.2d 458, 465 (9th Cir. 1984), *cert. denied*, 469 U.S. 1165 (1985); *Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1288 fn. 1 (D.Nev. 2003), *citing Ghazali v. Moran*, 46 F.3d. 52, 54 (9th Cir. 1987).

Even after plaintiff was twice alerted to the requirements of L.R. 26-7, plaintiff in his request for "rehearing" still has not attached the discovery which he references. Instead, he criticizes what he calls "secret rules." (Doc. #87 at 2.) His assertion that he "would have followed Local Rule 26-7 if he knew about it" rings hollow since the defendants' response to plaintiff's underlying motion to compel (Doc. #74 at 5-6) discussed plaintiff's non-compliance with L.R. 26-7 in detail. After receiving defendants' opposition, plaintiff's reply memorandum (Doc. # 75), although stating defendants had the discovery responses, did not provide the disputed discovery documents to the court. This omission was also the subject of this court's Memorandum Decision and Order (Doc. #83). Nevertheless, plaintiff again neglects to provide the discovery documents which might enable the court to better evaluate plaintiff's objections.

Plaintiff presents no compelling reason why his motion should be granted. Motions for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999), *citing School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Other than still pleading ignorance of the Local Rules, which govern "all actions and proceedings" pending in the United States District Court for the District of Nevada (LR IA 2-1), plaintiff has failed to present any newly discovered evidence or suggest that the court committed error or that there has been a change in the law.

Plaintiff's "Motion for Rehearing" (Doc. 87) is **DENIED.**

**IT IS SO ORDERED.**

DATED: February 8, 2012.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

3